UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAMES D. MARSHALL,

                Petitioner,

v.                                                  9:19-CV-1003
                                                           (DNH)

TIMOTHY McCARTHY,

                Respondent.

---

APPEARANCES:                                     OF COUNSEL:

TIMOTHY McCARTHY
Petitioner, pro se
16-B-0778
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I. INTRODUCTION

     Pro se petitioner James D. Marshall ("Marshall" or "petitioner") filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet.").

     On August 15, 2019, Marshall's action was administratively closed due to his failure to properly commence it. Dkt. No. 2, Order dated 08/15/19. Petitioner was advised that if he desired to pursue this action he must so notify the Court and either (1) pay the filing fee of five dollars ($5.00), or (2) submit a completed, signed, and properly certified in forma pauperis ("IFP") application, within thirty (30) days of the filing date of that Order. *Id*. at 2.

     On August 28, 2019, the Court received the statutory filing fee, Dkt. No.3; Dkt. Entry

for 08/28/19 (identifying receipt number for filing fee transaction), and the case was reopened, Dkt. No. 4, Text Order dated 08/28/19.

For the reasons that follow, Marshall's petition is dismissed without prejudice to refiling once he has exhausted his claims in state court.

## II. **THE PETITION**

Marshall challenges a 2016 judgment of conviction in Tompkins County, upon a jury verdict, of first degree assault, two counts of second degree criminal possession of a weapon, and third degree criminal possession of a weapon. Pet. at 1-2; *see also People v. Marshall*, 162 A.D.3d 1110, 1111 (3rd Dep't 2018).[1]

On June 7, 2018, the New York Supreme Court Appellate Division, Third Department determined "that the weight of the evidence does not support a finding that the victim sustained serious physical injury." *Marshall*, 162 A.D.3d at 1113-14; *see also* Pet. at 2. Accordingly, the Third Department concluded that Marshall's "conviction for assault in the first degree should be reduced to the lesser included offense of attempted assault in the first degree, the sentence imposed thereon vacated and the matter remitted to County Court for resentencing[.]" *Id*. However, petitioner's conviction was otherwise affirmed and, on July 31, 2018, the New York State Court of Appeals denied petitioner's leave to appeal. *Marshall*, 162 A.D.3d at 1111, 1114-16, *lv. denied*, 31 N.Y.3d 1150 (2018); *see also* Pet. at 2-3.

Marshall asserts that he also filed two separate motions seeking to vacate his judgment pursuant to New York Criminal Procedure Law § 440.10 ("440 motion"). Pet. at 3-4. The subject of both motions included whether petitioner received constitutionally

---

[1] Citations to the petition refer to the pagination generated by CM/ECF, the Court's electronic filing system.

effective counsel during trial. *Id.* The second 440 motion is still pending in county court. Pet. at 4-5, 12.

Marshall contends he is entitled to federal habeas relief because (1) his trial counsel was constitutionally ineffective (Pet. at 5-7) and (2) "[a]ctual innocence" supports his claims—petitioner was actually acting in self defense, thus the jury should have been charged differently (*id.* at 7-8). For a more complete statement of petitioner's claims, reference is made to the petition.

## III. **DISCUSSION**

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254 (b)(1)(A), (B)(i), (ii).

The exhaustion requirement "is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings[.]" *Jimenez v. Walker*, 458 F.3d 130, 149 (2d Cir. 2006) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)).

To properly exhaust his claims, a petitioner must do so both procedurally and substantively. Procedural exhaustion requires that the petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Substantive exhaustion requires that the petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin*

3

*v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted).

In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Here, it is clear that Marshall has not exhausted his state court remedies because petitioner asserts that his properly filed 440 motion is currently pending. Pet. at 4-5, 12. This motion presents his claim of ineffective assistance of counsel to the state courts. *Id.* at 4. Accordingly, the highest state court capable of reviewing petitioner's claims has not yet had the opportunity to do so. *See Brown v. Ercole*, No. 1:07-CV-2611, 2007 WL 2769448, at *1 (E.D.N.Y. Sept. 21, 2007) (explaining that tolling pursuant to the AEDPA occurs "while state post-conviction motions are pending. . . . Therefore, once the Court of Appeals issued its order denying leave to appeal, the *coram nobis* petition was no longer pending because no further state court remedies were available.").

There is no basis on the record before this Court to conclude that there is an absence of available state corrective process (*e.g.*, where there is no further state proceeding for a petitioner to pursue) or circumstances exist that render that state court process ineffective to protect Marshall's rights (*e.g.*, where further pursuit in the state court forum would be futile). 28 U.S.C. § 2254(b)(1)(B)(i), (ii); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000).

To the contrary, Marshall still has state court remedies available to him, and is in the process of exhausting those remedies by pursuing his collateral 440 motion. It is not futile to require him to complete exhaustion of his state court remedies before pursuing a federal habeas petition, especially given the content of the pending 440 motion.

While Marshall's papers do not reflect his awareness that his petition was filed

4

prematurely as a protective filing, to the extent that petitioner may be understood to request that this action be stayed and his petition held in abeyance, that request is denied.

The Supreme Court has stated, in dicta, that a habeas petitioner "might avoid" the application of the statute of limitations resulting from "reasonable confusion" about the timeliness of a state filling "by filing a 'protective' petition in federal court and asking the federal court to stay and abey" the habeas proceedings. *Pace v. Diguglielmo*, 544 U.S. 408, 416 (2005); *see also Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001) (noting that a stay and abeyance may be warranted "where an outright dismissal" of a mixed petition "could jeopardize the timeliness of a collateral attack") (internal quotation marks omitted).

Even so, *"Pace* suggests that whether a stay and abeyance is appropriate in a particular case is governed by the" considerations set forth in *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). *Rivera v. Kaplan*, No. 1:17-CV-2257, 2017 WL 3017713, at *2 (S.D.N.Y. July 13, 2017). Under *Rhines*, a stay and abeyance should be "available only in limited circumstances" where the petitioner can show both (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are not "plainly meritless." 544 U.S. at 277.

Marshall has not argued, much less established, that he had "good cause" for failing to exhaust his claims in state court before filing his petition. While petitioner alleges that he is "educationally challenged," petitioner does not appear to have any difficulty navigating through the state court, either alone or with assistance, for a direct appeal or various collateral attacks. Pet. at 5.

Moreover, Marshall has not demonstrated any difficulties pursuing the present habeas petition in this Court. Accordingly, it cannot be said that petitioner is expressing confusion

5

about the state court appellate process or the trajectory of a habeas petition in federal court. *Cf Rivera*, 2017 WL 3017713, at *3 (finding good cause where a petitioner demonstrated "reasonable confusion about whether a state filing would be timely[,]" and thus uncertainty over whether her claims were properly exhausted in state court) (citing *Pace v. Diguglielmo*, 544 U.S. 408, 416-17 (2005)).

Additionally, it does not appear that a subsequent habeas petition, if necessary and if filed promptly after Marshall's claims are exhausted in state court, will be jeopardized by the statute of limitations.

The AEDPA's one-year limitations period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A).

When petitioners do not seek certiorari in the United States Supreme Court, a state conviction becomes final ninety (90) days after the New York Court of Appeals denied leave to appeal. *Gonzales v. Thaler*, 565 U.S. 134, 148-49 (2012); *Saunders v. Senkowski*, 587 F.3d 543, 547 (2d Cir. 2009).

Properly filed state court applications for relief operate to toll the limitations period if those applications are filed before the one-year limitations period expires. 28 U.S.C. § 2244(d)(2); *Saunders,* 587 F.3d at 548.

The tolling provision excludes from the limitations period only the time that the state relief application remains undecided, including the time during which an appeal from the denial of the application was taken. *Saunders*, 587 F.3d at 548.[2]

---

[2] The AEDPA's one-year statute of limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). To warrant equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented

6

The Third Department affirmed Marshall's conviction, as modified, on direct appeal, and the New York Court of Appeals denied petitioner's application for leave to appeal on July 31, 2018. *Marshall*, 162 A.D.3d at 1114-16, *lv. denied*, 31 N.Y.3d 1150.

Marshall did not seek a writ of certiorari, Pet. at 3, and thus his conviction became final 90 days later, on October 29, 2018. *Thaler*, 565 U.S. at 149-150. Petitioner therefore has until October 29, 2019 to timely file a federal habeas petition.

On August 11, 2019, after 286 days of the limitations period had elapsed, Marshall filed the present petition.[3] Pet. at 15. Sometime prior to that date, petitioner filed two 440 motions, one of which petitioner states is still pending. *Id.* at 4-5, 12.

If said motion is, as Marshall represents, <u>properly filed</u>, then it will serve to toll the limitations period. Accordingly, it appears that, at a minimum, petitioner has approximately seventy-nine days left before the statute of limitations expires after the conclusion of petitioner's 440 motion. Therefore, petitioner should promptly refile his petition when he has completed exhausting his claims in state court, as he appears to have adequate time in which to do so.

Based on the foregoing, Marshall's petition is premature and is dismissed without prejudice to re-filing one complete petition once petitioner has pursued and exhausted all the claims he wants to raise in the state courts. *See Diguglielmo v. Senkowski*, 42 F. App'x. 492, 496 (2d Cir. 2002) (summary order) ("[B]ecause the New York Court of Appeals has not yet

---

timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace,* 544 U.S. at 418). Courts have also recognized an equitable exception to the one-year statute of limitations under 28 U.S.C. §2244(d)(1) in cases where a petitioner can prove actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

[3] Under the prison "mailbox rule," a petitioner's application is deemed filed on the date he delivers it to the prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988)

7

had an opportunity to address DiGuglielmo's federal claims, comity requires that we allow that court an opportunity to do so. Accordingly, we dismiss DiGuglielmo's petition without prejudice. This will allow DiGuglielmo to pursue any procedural options available to him in New York state court, and then take whatever steps may be appropriate to return to federal court if necessary.") (footnote omitted).[4]

## IV. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that

1. The petition (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies;

2. No certificate of appealability ("COA") shall issue in this case because petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).[5] Any further request for a COA must be addressed to the Court of Appeals (Fed. R. App. P. 22(b));

3. The Clerk serve a copy of this Decision and Order on petitioner in accordance with the Local Rules.

IT IS SO ORDERED.

Dated: September 6, 2019
       Utica, New York.

                                      United States District Judge

---

[4] The Court notes that if petitioner's claims are unsuccessful in state court, a subsequent habeas petition should not run afoul of the "second or successive petition" limitations because this petition is being dismissed for failure to exhaust and not on the merits. *Burton v. Stewart*, 549 U.S. 147, 155 (2007) (per curiam) (citing *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)).

[5] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).